**Opinion issued December 1, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-15-00852-CR**

————————————

**CALTON CARTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Case No. 1442030**

## MEMORANDUM OPINION

Appellant, Calton Carter, proceeding *pro se* and incarcerated, pleaded guilty

to the third-degree felony offense of felon in possession of a firearm, with the

agreed recommendation that he receive six years' confinement. *See* TEX. PENAL

CODE ANN. §§ 46.04(a)(2), (e) (West Supp. 2014). On September 8, 2015, the trial

court assessed appellant's punishment at six years' confinement, in accordance with the terms of his plea bargain with the State. The trial court certified that this is a plea-bargain case and that appellant has no right of appeal.

Nevertheless, appellant timely filed a *pro se* notice of appeal on September 23, 2015, acknowledging that his punishment did not exceed the amount recommended by the State and agreed to by appellant, but contending that his guilty plea did not preclude his claiming ineffective assistance of counsel or appealing any rulings on pretrial motions. *See* TEX. R. APP. P. 26.2(a)(1). However, on November 5, 2015, appellant filed a *pro se* request to withdraw appeal, claiming that he no longer wishes to prosecute this appeal. *See id.* 42.2(a).[1] We dismiss this appeal for want of jurisdiction.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The

---

[1] Although we construe appellant's request to withdraw his appeal as a *pro se* motion to dismiss his appeal, we cannot grant this motion because it lacks the signature of his trial counsel, who remains his counsel because there was no order granting his withdrawal in the clerk's record. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2014); TEX. R. APP. P. 42.2(a). By seeking dismissal, appellant is effectively seeking to waive his right to appeal, which generally would require abatement to determine whether it was made voluntarily, knowingly, and intelligently. *See* TEX. CODE CRIM. PROC. art. 1.14 (West Supp. 2014); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009); *Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978). However, because we lack jurisdiction to consider this plea-bargain appeal, abatement is unnecessary.

trial court's certification, which is included in the clerk's record, states that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d).

In a plea-bargain case—where a defendant pleaded guilty and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, as here—a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2014); TEX. R. APP. P. 25.2(a)(2). Here, the clerk's record contains plea waiver and admonishment papers indicating that appellant pleaded guilty to the third-degree offense of felon in possession of a weapon, in exchange for the State's recommendation that his punishment be assessed at six years' confinement, and the State abandoned the two enhancement paragraphs in the indictment. The clerk's record also contains the standard waiver of his right of appeal if the trial court accepted the plea-bargain agreement.

The judgment of conviction in the clerk's record reflects that the trial court accepted the plea-bargain agreement because it assessed appellant's punishment at six years' confinement, and the State abandoned the two enhancement paragraphs. *See* TEX. R. APP. P. 25.2(a)(2). Thus, the record supports the trial court's certification that this is a plea-bargain case and that the trial court did not give its

permission to appeal on any matters, including any rulings on pretrial motions. *See Dears*, 154 S.W.3d at 615.

Because appellant has no right of appeal in this plea-bargain case, we must dismiss this appeal without further action. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005) (explaining purpose of certification requirements is to resolve cases that have no right of appeal quickly without expense of appointing appellate counsel, preparing reporter's record or preparing appellate brief).

## CONCLUSION

Accordingly, we **dismiss** this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Justices Higley, Huddle, and Lloyd.
Do not publish. TEX. R. APP. P. 47.2(b).

4